Gavin J. Rooney
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Tel.: 973-597-2500
grooney@lowenstein.com

Reid M. Figel (*pro hac vice pending*)
**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900
rfigel@kellogghansen.com

*Counsel for Defendant.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT PEEDE, JR., | ) | Case No.: 3:22-cv-00611 |
| Plaintiff, | ) | |
| v. | ) | Hon. Zahid N. Quraishi |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS | ) | |
| | ) | *Document Filed Electronically* |
| Defendant. | ) | |

## ANSWER OF CELLCO PARTNERSHIP d/b/a/ VERIZON WIRELESS

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"), by and through its undersigned counsel, hereby answers the Complaint of Robert Peede and reserves its rights to request dismissal of the Complaint on any and all grounds. Unless expressly admitted, all allegations set forth in the Complaint are denied.

## PRELIMINARY STATEMENT

1.  Verizon received, as relevant here, a subpoena dated January 19, 2022 from the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") demanding the production of telephone records for the phone number associated with Plaintiff's account with Verizon (the "Subpoena"). *See* Compl. Ex. A at 2-7. This Subpoena demanded production of only Subscriber Information,[1] Connection Records, and Records of Session Times and Durations.[2] The Subpoena demanded production of telecommunications records for the time period from November 1, 2020, through and including January 31, 2021. This Subpoena did not compel the production of any call or text message content, or location information.

2.  Upon receiving the Subpoena, Verizon notified Plaintiff of Verizon's receipt of the Subpoena from the Select Committee. *See* Compl. Ex. A at 1. This notice informed Plaintiff that unless Verizon received "a court document challenging the [S]ubpoena by February 7, 2022, Verizon is compelled to comply with the [S]ubpoena." *Id*. at 1.

3.  Verizon also provided Plaintiff with a copy of the Subpoena issued by the Select Committee, *see* Compl. Ex. A, except that Verizon withheld Section B, which identified the

---

[1] The Subpoena defined "Subscriber Information" as: name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses).

[2] Per the Subpoena, "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

phone numbers of other Verizon subscribers that had also been subpoenaed by the Select Committee.

4. Plaintiffs filed this case in the United States District Court for the District of New Jersey on February 4, 2022.

5. Thus, consistent with the notice that Verizon provided Plaintiff, Verizon has not produced any of Plaintiff's records in response to the Select Committee's Subpoena.

6. In addition, Verizon has received virtually identical subpoenas from the Select Committee for the records of other customers. Upon receipt of those subpoenas, Verizon provided the same notice to those customers that was provided to Plaintiff.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. Verizon lacks sufficient information to admit or deny allegations about the Congressional investigation or Plaintiff's activities described in paragraph 1. Verizon admits that it received the Subpoena.

2. The allegations in paragraph 2 consists of legal arguments, legal conclusions, and a summary of the relief sought, to which no response is required. To the extent a response is required, Verizon lacks sufficient information to admit or deny the allegations in paragraph 2.

3. Verizon lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 3. Verizon admits that it provided written notice to Robert Peede, Jr. concerning the Subpoena received by Verizon from the Select Committee.

4. Verizon admits the allegations in paragraph 4.

5. Verizon admits that the allegations in paragraph 5 of Plaintiff's Complaint challenge the validity of the Subpoena, raise challenges to the scope of the investigative power of Congress under Article I of the United States Constitution, and assert claims arising under the

First and Fourteenth Amendments of the United States Constitution, and under the Stored Communications Act, 18 U.S.C. § 2701, et seq.

      6.      Verizon admits the allegations in paragraph 6.

      7.      Verizon admits the allegations in paragraph 7.

      8.      Verizon admits the allegations in paragraph 8.

      9.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 9.

      10.      Verizon admits the allegations in the first sentence of paragraph 9, which reference actions taken by the U.S. House of Representatives and that are recorded in the Congressional Record of the 177th Congress for the Legislative Day occurring on June 30, 2021. Verizon lacks sufficient information to admit or deny the allegations in the last sentence of paragraph 9.

      11.      The allegations in paragraph 11 quote from the publicly available document, House Resolution 503 ("H. Res. 503") from the 117th Congress.  Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

      12.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 12.

      13.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 13.

      14.      The allegations in paragraph 14 quote from the publicly available document, H. Res. 503.  Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

15. The allegations in paragraph 15 quote from the publicly available document, H. Res. 503.  Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

16. The allegations in paragraph 16 quote from the publicly available document, H. Res. 503.  Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

17. Verizon admits that there is a website found at https://january6th.house.gov. Verizon lacks sufficient information to admit or deny the remaining allegations of paragraph 17.

18. Verizon lacks sufficient information to admit or deny the allegations in paragraph 18.

19. Verizon lacks sufficient information to admit or deny the allegations in paragraph 19.

20. Verizon denies the allegations in paragraph 20 as to Verizon, but lacks sufficient information to admit or deny the remaining allegations in paragraph 20.

21. The allegations in paragraph 21 purport to summarize documents appended to Plaintiff's Complaint.  Verizon respectfully refers the Court to the full text of those documents for a complete record of their contents.

22. Verizon lacks sufficient information to admit or deny the allegations in paragraph 22.

23. Verizon lacks sufficient information to admit or deny the allegations in paragraph 23.

24. Verizon lacks sufficient information to admit or deny the allegations in paragraph 24.

25. Verizon lacks sufficient information to admit or deny the allegations in paragraph 25.

26. Verizon lacks sufficient information to admit or deny the allegations in paragraph 26.

27. Verizon lacks sufficient information to admit or deny the allegations in paragraph 27.

28. Verizon lacks sufficient information to admit or deny the allegations in paragraph 28.

29. Verizon lacks sufficient information to admit or deny the allegations in paragraph 29.

30. Verizon admits that it received the Subpoena from the Select Committee on or about January 19, 2022. A copy of the Subpoena is attached to Plaintiff's Complaint as an exhibit. Verizon respectfully refers the Court to the full text of that document for a complete record of their contents. Verizon also respectfully refers the Court to the full text of the news report linked in paragraph 30 for a complete record of its contents. Verizon denies the remainder of the allegations in paragraph 30.

31. The allegations in paragraph 31 summarize documents appended as exhibits to Plaintiff's Complaint. Verizon respectfully refers the Court to the full text of those documents for a complete record of their contents. Verizon admits the allegations in the last sentence of paragraph 31.

32. The allegations in paragraph 32 summarize documents appended as exhibits to Plaintiff's Complaint. Verizon respectfully refers the Court to the full text of those documents for a complete record of its contents. Verizon denies the remaining allegations in paragraph 32.

Verizon specifically denies that the Subpoena seeks the production of "all calls" and "text messages."

33. Verizon admits that the Subpoena demands documents for the time period November 1, 2020 to January 31, 2021. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 33.

34. Verizon lacks sufficient information to admit or deny the allegations in paragraph 34.

35. Verizon incorporates by reference paragraphs one through six of the Preliminary Statement to this Answer. Verizon denies that the Subpoena seeks any call or text message content, or location information. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 35.

36. Verizon lacks sufficient information to admit or deny the allegations in paragraph 36.

37. With respect to paragraph 37, Verizon incorporates by reference its responses to paragraphs 1 through 36.

38. The allegations in paragraph 38 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 38 for a complete record of its contents.

39. The allegations in paragraph 39 are legal conclusions to which no response is required.

40. The allegations in paragraph 40 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of publicly available document, H. Res. 503, for a complete record of its contents.

41. The allegations in paragraph 41 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of publicly available document, H. Res. 503, for a complete record of its contents.

42. The allegations in paragraph 42 are legal conclusions to which no response is required.

43. The allegations in paragraph 43 are legal conclusions to which no response is required.

44. The allegations in paragraph 44 are legal conclusions to which no response is required.

45. The allegations in paragraph 45 are legal conclusions to which no response is required.

46. With respect to paragraph 46, Verizon incorporates by reference its responses to paragraphs 1 through 45.

47. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 47.

48. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 48.

49. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 49.

50. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 50.

51. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 51.

52. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 52. Verizon refers the Court to the full text of the material available at the link in paragraph 52 for a complete record of its contents.

53. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 53.

54. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 54.

55. Verizon denies that the Subpoena seeks any call or text message content, or location information. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 55.

56. The allegations in paragraph 56 are legal conclusions to which no response is required.

57. With respect to paragraph 57, Verizon incorporates by reference its responses to paragraphs 1 through 56.

58. The allegations in paragraph 58 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 58 for a complete record of its contents.

59. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 59.

60. Verizon denies that the Subpoenas seek any call or text message content. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 60.

61. The allegations in the last sentence of paragraph 61 are legal conclusions to which no response is required, and Verizon refers the Court to the case cited for a complete record of its

contents. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 61.

62. With respect to paragraph 62, Verizon incorporates by reference its responses to paragraphs 1 through 61.

63. The allegations in paragraph 63 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 63 for a complete record of its contents.

64. The allegations in paragraph 64 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 64 for a complete record of its contents.

65. The allegations in paragraph 65 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 65 for a complete record of its contents.

66. The allegations in paragraph 66 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 66 for a complete record of their contents.

67. The allegations in paragraph 67 are legal conclusions to which no response is required.

68. The allegations in paragraph 68 are legal conclusions to which no response is required. To the extent any response is necessary, Verizon lacks sufficient information to either admit or deny the allegations in paragraph 68, and refers the Court to the full text of the case cited in paragraph 68 for a complete record of its contents.

69. The allegations in paragraph 69 are legal conclusions to which no response is required.

70. With respect to paragraph 70, Verizon incorporates by reference its responses to paragraphs 1 through 69.

71. The allegations in paragraph 71 are legal conclusions to which no response is required.

72. The allegations in paragraph 72 are legal conclusions to which no response is required.

73. The allegations in paragraph 73 are legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 73 for a complete record of its contents.

74. With respect to paragraph 74, Verizon incorporates by reference its responses to paragraphs 1 through 73.

75. Verizon admits the allegations in the first sentence of paragraph 75 as it relates to Verizon.  Verizon lacks sufficient information to either admit or deny the allegations in the first sentence of paragraph 75 as it relates to other carriers.  Verizon denies the allegations in the second sentence of paragraph 75.

76. The allegations in paragraph 76 are legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers to the full text of the Stored Communication Act for a complete record of its contents.

77. Verizon lacks sufficient information to either admit or deny the allegations in paragraph 77.

78. Verizon denies the allegations in paragraph 78.

79.     Verizon lacks sufficient information to either admit or deny the allegations in paragraph 79.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief does not require a response, but to the extent any response is necessary, Verizon takes no position whether Plaintiff is entitled to the requested relief and judgment in sections 1 through 4, and 6.  Verizon denies that Plaintiff is entitled to Verizon's payment of their reasonable costs and expenses, including attorneys' fees, as asserted by Plaintiff in section 5.

DATED:  April 11, 2022                                Respectfully submitted,

/s/ Gavin J. Rooney

Gavin J. Rooney
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Tel.: 973-597-2500
grooney@lowenstein.com

Reid M. Figel (*pro hac vice pending*)
**KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
 Tel.: (202) 326-7900
 rfigel@kellogghansen.com

*Counsel for Defendant*