Reid M. Figel (rfigel@kellogghansen.com)
(*admitted pro hac vice*)
**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900

Gavin Rooney (grooney@lowenstein.com)
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Tel.: 973-597-2500

*Counsel for Defendant Cellco Partnership d/b/a*
*Verizon Wireless*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT PEEDE, JR., | ) Case No.:  3:22-cv-00611-ZNQ-DEA |
| Plaintiff, | ) |
| v. | ) Hon. Zahid N. Quraishi |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | ) |
| and | ) **ANSWER OF CELLCO PARTNERSHIP d/b/a/ VERIZON WIRELESS TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| UNITED STATES HOUSE OF REPRESENTATIVES SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL Longworth House Office Building Washington, D.C. 20515, | ) *Document Filed Electronically* |
| and | ) |
| BENNIE G. THOMPSON, in his official capacity as Chairman of the House Select Committee To Investigate the January 6th Attack on the United States Capitol, Longworth House Office Building Washington, D.C. 20515, | ) |
| Defendants. | ) |

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"), by and through its undersigned counsel, hereby answers the Amended Complaint of Robert Peede, Jr. and reserves its rights to request dismissal of the Amended Complaint on any and all grounds. Unless expressly admitted, all allegations set forth in the Amended Complaint are denied.

## PRELIMINARY STATEMENT

1.    Verizon received, as relevant here, a subpoena dated January 19, 2022 from the United States House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") demanding the production of telephone records for the phone number associated with Plaintiff's account with Verizon (the "Subpoena"). *See* Am. Compl., Ex. A at 3-8, ECF 23-1. The Subpoena demanded production of only Subscriber Information,[1] Connection Records, and Records of Session Times and Durations.[2] The Subpoena demanded production of telecommunications records for the time period from November 1, 2020, through and including January 31, 2021. The Subpoena did not compel the production of any call or text message content, or location information.

2.    Upon receiving the Subpoena, Verizon notified Plaintiff of Verizon's receipt of the Subpoena from the Select Committee. *See* Am. Compl., Ex. A at 2, ECF 23-1. This notice

---

[1] The Subpoena defined "Subscriber Information" as: name, subscriber name, physical address, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers (ESN), Mobile Electronic Identity Numbers (MEIN) Mobile Equipment Identifier (MEID), Mobile Identification Numbers (MIN), Subscriber Identity Modules (SIM), Mobile Subscriber Integrated Services Digital Network Number (MSISDN), International Mobile Subscriber Identifiers (IMSI), or International Mobile Equipment Identities (IMEI) associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses). *See* Am. Compl., Ex. A at 4, ECF 23-1.

[2] Per the Subpoena, "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), IP, and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections. *See id.*

informed Plaintiff that unless Verizon received "a court document . . . challenging the [S]ubpoena by February 7, 2022, Verizon is compelled to comply with the [S]ubpoena." *Id*.

3.      Verizon also provided Plaintiff with a copy of the Subpoena issued by the Select Committee, *see* Am. Compl., Ex. A at 3-8, ECF 23-1, except that Verizon withheld Section B, which identified the phone numbers of other Verizon subscribers that had also been subpoenaed by the Select Committee.

4.      Plaintiff filed this case in the United States District Court for the District of New Jersey on February 4, 2022, and amended his Complaint on November 2, 2022.

5.      Thus, consistent with the notice that Verizon provided Plaintiff, Verizon has not produced any of Plaintiff's records in response to the Select Committee's Subpoena.

6.      In addition, Verizon has received virtually identical subpoenas from the Select Committee for the records of other customers.  Upon receipt of those subpoenas, Verizon provided the same notice to those customers that was provided to Plaintiff.

### RESPONSES TO PLAINTIFF'S ALLEGATIONS

1.      Verizon lacks sufficient information to admit or deny allegations about the Congressional investigation or Plaintiff's activities described in paragraph 1.  Verizon admits that it received the Subpoena.

2.      The allegations in paragraph 2 consists of legal arguments, legal conclusions, and a summary of the relief sought, to which no response is required.  To the extent a response is required, Verizon lacks sufficient information to admit or deny the allegations in paragraph 2.

3.      Verizon lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 3.  Verizon admits that it provided notice to Robert Peede, Jr. concerning the Subpoena received by Verizon from the Select Committee.

4.      Verizon admits the allegations in paragraph 4.

5.      Based on information in the publicly available document, House Resolution 503, 117th Congress (2021) ("H.R. Res. 503"), Verizon admits the allegations in paragraph 5.

6.      Based on publicly available information and the text of the Subpoena, Verizon admits the allegations in paragraph 6.

7.      Verizon admits that the allegations in paragraph 7 of Plaintiff's Amended Complaint purport to:  challenge the validity of the Subpoena, challenge the scope of the investigative power of Congress under Article I of the United States Constitution, assert claims arising under the First and Fourteenth Amendments of the United States Constitution, and assert claims under the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*

8.      Verizon admits that this Court has subject matter jurisdiction.

9.      Verizon admits that this Court has personal jurisdiction over Verizon.

10.     The allegations in paragraph 10 are legal arguments to which no response is required.  To the extent a response is required, Verizon lacks sufficient information to admit or deny the allegations in paragraph 10.

11.     Verizon admits that venue is proper.

12.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 12.

13.     Verizon admits the allegations in the first sentence of paragraph 13, which reference actions taken by the U.S. House of Representatives and that are recorded in the Congressional Record of the 117th Congress for the Legislative Day occurring on June 30, 2021.  Verizon lacks sufficient information to admit or deny the allegations in the last sentence of paragraph 13.

14.     The allegations in paragraph 14 quote from the publicly available document, H.R. Res. 503.  Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

15.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 15.

16.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 16.

17.     The allegations in paragraph 17 quote from the publicly available document, H.R. Res. 503.  Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

18.     The allegations in paragraph 18 quote from the publicly available document, H.R. Res. 503.  Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

19.     The allegations in paragraph 19 quote from the publicly available document, H.R. Res. 503.  Verizon respectfully refers the Court to the full text of the document for a complete record of its contents.

20.     Verizon admits that there is a website found at https://january6th.house.gov. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 20.

21.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 21.  Verizon denies that there is any video hosted at the website address: http://www.youtube.com/watch?v=IQvuBoLBuCO.

22.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 22.

23.     The allegations in paragraph 23 purport to summarize a document appended to Plaintiff's Amended Complaint.  Verizon respectfully refers the Court to the full text of that document for a compete record of its contents.  Verizon further lacks sufficient information to admit or deny allegations pertaining to the other "telecom and social media companies" referenced in paragraph 23.

24.     The allegations in paragraph 24 purport to summarize a document appended to Plaintiff's Amended Complaint.  Verizon respectfully refers the Court to the full text of that document for a compete record of its contents.  Verizon further lacks sufficient information to admit or deny allegations pertaining to the other companies referenced in paragraph 24.

25.     Verizon denies the allegations in paragraph 25 as to Verizon, but lacks sufficient information to admit or deny the remaining allegations in paragraph 25.

26.     The allegations in paragraph 26 purport to summarize documents appended to Plaintiff's Amended Complaint.  Verizon respectfully refers the Court to the full text of those documents for a complete record of their contents.

27.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 27.

28.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 28.

29.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 29.

30.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 30.

31.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 31.

32.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 32.

33.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 33.

34.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 34.

35.     Verizon admits that it received the Subpoena from the Select Committee on or about January 19, 2022.  A copy of the Subpoena is attached to Plaintiff's Amended Complaint as an exhibit.  *See* Am. Compl., Ex. A at 3-8, ECF 23-1.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.  Verizon also respectfully refers the Court to the full text of the news report linked in paragraph 35 for a complete record of its contents.  Verizon denies the remainder of the allegations in paragraph 35.

36.     The allegations in paragraph 36 summarize documents appended as exhibits to Plaintiff's Amended Complaint.  Verizon respectfully refers the Court to the full text of those documents for a complete record of their contents.  Verizon admits the allegations in the last sentence of paragraph 36.

37.     The allegations in paragraph 37 summarize documents appended as exhibits to Plaintiff's Amended Complaint.  Verizon respectfully refers the Court to the full text of those documents for a complete record of its contents.  Verizon denies the remaining allegations in paragraph 37.  Verizon specifically denies that the Subpoena seeks the production of "all calls" and "text messages."

38.     Verizon admits that the Subpoena demands records for the time period November 1, 2020 to January 31, 2021.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 38.

39.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 39.

40.     Verizon incorporates by reference paragraphs one through six of the Preliminary Statement to this Answer.  Verizon denies that the Subpoena seeks any call or text message content, or location information.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 40.

41.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 41.

42.     With respect to paragraph 42, Verizon incorporates by reference its responses to paragraphs 1 through 41.

43.     The allegations in paragraph 43 are legal conclusions to which no response is required.  To the extent any response is required, Verizon refers the Court to the full text of the case cited in paragraph 43 for a complete record of its contents.

44.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 44.

45.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 45.

46.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 46.

47.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 47.

48.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 48.

49.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 49.

50.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 50.

51.     Verizon admits that the Subpoena demands records from November 1, 2020 to January 31, 2021.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 51.

52.     Verizon denies that the Subpoena seeks any call or text message content.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 52.

53.     The allegations in paragraph 53 are legal conclusions to which no response is required.  To the extent any response is required, Verizon refers the Court to the case cited in paragraph 53 for a complete record of its contents.  Further, to the extent a response is required, Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 53.

54.     With respect to paragraph 54, Verizon incorporates by reference its responses to paragraphs 1 through 53.[3]

55.     The allegations in paragraph 55 are legal conclusions to which no response is required.  To the extent any response is required, Verizon refers the Court to the case cited in paragraph 55 for a complete record of its contents.

---

[3] The Amended Complaint references paragraphs "1-62" in paragraph 54.  This appears to be a typographical error.  If not, Verizon incorporates by reference its responses to paragraphs 1 through 62.

56.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 56.

57.     Verizon denies that the Subpoena seeks any call or text message content.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 57.

58.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 58.

59.     The allegations in the last sentence of paragraph 59 are legal conclusions to which no response is required.  To the extent any response is required, Verizon refers the Court to the case cited in paragraph 59 for a complete record of its contents.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 59.

60.     With respect to paragraph 60, Verizon incorporates by reference its responses to paragraphs 1 through 59.[4]

61.     The allegations in paragraph 61 are legal conclusions to which no response is required.  To the extent any response is required, Verizon refers the Court to the full text of the cases cited in paragraph 61 for a complete record of their contents.

62.     The allegations in paragraph 62 are legal conclusions to which no response is required.  To the extent any response is required, Verizon refers the Court to the full text of the case cited in paragraph 62 for a complete record of its contents.

63.     The allegations in paragraph 63 are legal conclusions to which no response is required.  To the extent any response is required, Verizon refers the Court to the full text of the case cited in paragraph 63 for a complete record of its contents.

---

[4] The Amended Complaint references paragraphs "1-68" in paragraph 60.  This appears to be a typographical error.  If not, Verizon incorporates by reference its responses to paragraphs 1 through 68.

64.     The allegations in paragraph 64 are legal conclusions to which no response is required.  To the extent any response is required, Verizon refers the Court to the full text of the cases cited in paragraph 64 for a complete record of their contents.

65.     The allegations in paragraph 65 are legal conclusions to which no response is required.

66.     The allegations in paragraph 66 are legal conclusions to which no response is required.  To the extent any response is required, Verizon lacks sufficient information to admit or deny the allegations in paragraph 66, and refers the Court to the full text of the case cited in paragraph 66 for a complete record of its contents.

67.     The allegations in paragraph 67 are legal conclusions to which no response is required.

68.     With respect to paragraph 68, Verizon incorporates by reference its responses to paragraphs 1 through 67.[5]

69.     The allegations in paragraph 69 are legal conclusions to which no response is required.

70.     The allegations in paragraph 70 are legal conclusions to which no response is required.

71.     The allegations in paragraph 71 are legal conclusions to which no response is required.  To the extent any response is required, Verizon refers the Court to the full text of the case cited in paragraph 71 for a complete record of its contents.

---

[5] The Amended Complaint references paragraphs "1-76" in paragraph 68.  This appears to be a typographical error.  If not, Verizon incorporates by reference its responses to paragraphs 1 through 76.

72.     With respect to paragraph 72, Verizon incorporates by reference its responses to paragraphs 1 through 71.[6]

73.     Verizon admits the allegations in the first two sentences of paragraph 73 as it relates to Verizon.  Verizon lacks sufficient information to admit or deny the allegations in the first two sentences of paragraph 73 as it relates to other carriers.  Verizon denies the remaining allegations in paragraph 73.

74.     The allegations in paragraph 74 are legal conclusions to which no response is required.  To the extent any response is required, Verizon refers to the full text of the Stored Communication Act for a complete record of its contents.

75.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 75.

76.     Verizon denies the allegations in paragraph 76.

77.     The allegations in paragraph 77 are legal arguments to which no response is required.  To the extent any response is required, Verizon lacks sufficient information to admit or deny the allegations in paragraph 77.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief does not require a response, but to the extent any response is required, Verizon takes no position whether Plaintiff is entitled to the requested relief and judgment in sections 1 through 3, 5, and 7.  Verizon denies that Plaintiff is entitled to Verizon's payment of their reasonable costs and expenses, including attorneys' fees, as asserted by Plaintiff in section 6.

---

[6] The Amended Complaint references paragraphs "1-80" in paragraph 72.  This appears to be a typographical error; there are only 77 paragraphs in the Amended Complaint.  If not, Verizon incorporates by reference its responses to paragraphs 1 through 77.

DATED:  November 17, 2022        Respectfully submitted,

*/s/ Reid M. Figel*
Reid M. Figel (*admitted pro hac vice*)
**KELLOGG, HANSEN, TODD,**
 **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900
Email: rfigel@kellogghansen.com

*/s/ Gavin J. Rooney*
Gavin Rooney
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Tel.: (973) 597-2500
Email: grooney@lowenstein.com

*Counsel for Defendant Cellco Partnership
d/b/a Verizon Wireless*